UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH WESLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| AFNI, INC., a corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for her Complaint against the Defendant, AFNI, INC., states as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"])[1] regarding inaccurate entries on Plaintiff's credit reports and violations of other applicable federal laws. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3. The Plaintiff, DEBORAH WESLEY ["Plaintiff"], is a natural person who resides within the Southern Division of this District.

---

[1] Any reference to the Fair Credit Reporting Act or Fair Debt Collection Practices Act or any part thereof encompasses all relevant parts and subparts thereto.

4. Defendant AFNI, INC ["AFNI"] is a foreign company that engages in business in the Southern Division of this District.

5. Plaintiff filed bankruptcy in or about January 31, 2006, with a case number of 06-295-TOM7.

6. On Schedule "F" "CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS" Plaintiff listed the following creditor:

Afni, Inc.
P.O. Box 3427
Bloomington, IL 61702[2]
Opened 12/01/04
Collection Charter Communicatio[n]
$139.00
Account Number xxxx5000

7. On March 2, 2006, the Court issued a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" which was sent to all creditors, including AFNI.

8. AFNI did not show up at the meeting of creditors, did not file any objection to discharge of Plaintiff, and did not file any request to determine whether its debt should be discharged.

9. On May 2, 2006, the bankruptcy court discharged the Plaintiff by written order that was sent to AFNI.

10. Despite the court order, AFNI continued to report Plaintiff's account as having a balance owed.

---

[2] This address is the same as listed on the credit reports for contacting AFNI.

11. In early 2007, Plaintiff sent dispute letters to several of the credit reporting agencies ("CRAs") informing them that the AFNI account should list a zero balance.

12. On February 15, 2007, Trans Union reported that the AFNI account had been deleted.

13. On February 17, 2007, Experian reported that the AFNI account had been updated as follows:

   a. The "Last reported" date is February 2007;

   b. The "Recent balance" is $139 as of February 2007;

   c. The "Status" states "Collection account. $139 past due as of Feb 2007."

   d. The "Account history" states: "Collection as of Feb 2007, Jan 2007, Jul 2005, Jun 2005, Jan 2005"

   e. The "Comment" states "Account information disputed by consumer . . . ."

   f. Finally, the last line on the report concerning the AFNI account states "This item was verified and updated on Feb 2007".

14. Upon information and belief, the CRAs complied with the FCRA by notifying AFNI of the dispute submitted by the Plaintiff.

15. On the Experian report, there is no mention that this account was discharged in bankruptcy.

16. On the Experian report, a balance of $139.00 is listed instead of a "zero" balance.

17. AFNI failed to properly investigate the accounts in question, as AFNI knew that the debt was discharged but yet continued to report a balance owed.

18. AFNI also failed to report the true balance to the CRAs when AFNI knew that the balance was wrong as this debt was discharged in bankruptcy.

19. AFNI also violated the Fair Debt Collection Practices Act (FDCPA) by reporting a false and inaccurate balance and by attempting to collect a debt that it had no legal right to collect.

20. The conduct of AFNI willfully and intentionally violated the discharge order entered in this case last year.

21. The effect of this error on her credit report has been to substantially affect her credit report and, upon information and belief, her credit score.

22. The conduct of AFNI has proximately caused Plaintiff past and future monetary loss, past and future damage to her credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

23. It is a practice of AFNI to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, the FDCPA, the bankruptcy court's discharge order, and state law.

24. All actions taken by employees, agents, servants, or representatives of any type for AFNI were taken in the line and scope of such individual's (or entities') employment, agency or representation.

25. All actions taken by AFNI were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the law.

26. AFNI has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such AFNI is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by AFNI and similar companies.

### FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

27. All paragraphs of this Complaint are expressly adopted and incorporated as if fully set forth herein.

28. Plaintiff is a "consumer," as codified at 15 U.S.C. § 1681a(c).

29. AFNI is an entity who, regularly and in the course of business, furnishes information to one or more CRAs about AFNI's transactions or experiences with any consumer and AFNI constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

30. Plaintiff notified Experian and TransUnion directly of a dispute on the AFNI account's completeness and/or accuracy, as reported.

31. All of the CRAs notified AFNI in a timely manner of the dispute.

32. No entity, including AFNI, ever notified Plaintiff that her disputes were frivolous or irrelevant, or that she had failed to provide sufficient information to investigate the disputed information.

33. Plaintiff alleges that AFNI failed in all respects to conduct a proper and lawful reinvestigation from start to finish as required under federal law.

34. For example, AFNI knew from the multiple notices from bankruptcy court that the account was included in bankruptcy, yet AFNI failed to adequately investigate the disputes, which were relayed by the CRAs to AFNI.

35. AFNI failed to report the account as having a "0" balance as required by 16 CFR § 607 (6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

36. All actions taken by AFNI were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA.

37. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

### SECOND CLAIM FOR RELIEF
### State Law Claims

38. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

39. AFNI published false information about Plaintiff by reporting the AFNI account with a false balance.

40. Plaintiff alleges that the publication(s) was done maliciously, without privilege, and with a willful intent to injure Plaintiff.

41. AFNI acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this complaint. This includes the initial reporting of AFNI account; the handling of the investigations on the account; and all other aspects as set forth in this Complaint.

42. AFNI invaded the privacy of Plaintiff as set forth in Alabama law.

43. Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

### THIRD CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

44. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

45. ANFI, which is a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

    a. Falsely reporting a balance owed on Plaintiff's credit report; and

    b. Falsely attempting to collect a debt (through the reporting of a balance) when there is no legal right to collect the discharged debt.

46. Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

### RELIEF SOUGHT

47. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

48. Plaintiff also requests all further relief to which he is entitled, whether of a legal or equitable nature.

Respectfully Submitted,

_____
John G. Watts ASB-5819-T82J
Attorney for Plaintiff

OF COUNSEL:
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253

(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

                                               M. Stan Herring ASB-1074-N72M
                                               Attorney for Plaintiff

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

                                               **Attorney for Plaintiff**

**<u>Serve defendant via certified mail at the following addresses.:</u>**

AFNI, INC
c/o Gregory J. Donovan
404 Brock Drive
Bloomington, IL 61701